UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:21-cv-24100-GAYLES

*In re*

**MICRON DEVISES, INC.,**          Bankruptcy Case No. 20-23359-LMI

    **Debtor.**
_____/

**LAURA PERRYMAN,**

    **Appellant,**

v.

**TAREK KIRK KIEM and
KENNEDY LEWIS INVESTMENT
MANAGEMENT, LLC,**

    **Appellees.**
_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Appellant Laura Perryman's Notice of Appeal [ECF No. 1]. The Court has reviewed the parties' briefs and the record and is otherwise fully advised. For the reasons discussed below, the Order of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") is affirmed. [ECF No. 7-5 at 212-24].

**BACKGROUND**

    On December 7, 2020, Debtor Micron Devices, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. [ECF No. 7-3 at 1]. On February 19, 2021, the Bankruptcy Court entered an Order to Show Cause Why Debtor

Should not be Removed as Debtor-In-Possession and Setting Hearing (the "Order to Show Cause"). [ECF No. 7-7 at 11]. The Order to Show Cause noted the Bankruptcy Court's concerns that there were "disputes as to who is in charge of the Debtor, concerns regarding alleged interference by the co-founder/majority shareholder, and concerns about the majority shareholder taking action *ultra vires*." *Id.* Appellant Laura Perryman ("Appellant") is the referenced co-founder/majority shareholder. On March 8, 2021, following a hearing, the Court entered an Order Removing the Debtor-in-Possession and Expanding the Powers of Subchapter V Trustee. [ECF No. 7-3 at 438]. Appellee Tarek Kiem (the "Trustee"), the Subchapter V Trustee, then took over operating the business of the Debtor and possession of all property of the Debtor's estate. On April 1, 2021, Trustee filed a Motion for Approval of the Settlement Agreement Entered into by the Subchapter V Chapter 11 Trustee, Kennedy Lewis Investment Management, LLC, and Stimwave Technologies Inc (the "9019 Motion"). [ECF No. 7-3 at 456]. After conducting a two-day evidentiary hearing, the Bankruptcy Court granted the 9019 Motion and approved the Settlement. [ECF No. 7-5 at 22-59].

On July 7, 2021, Trustee filed a Motion for Imposition of Monetary and Non-Monetary Sanctions Against Laura Perryman, [ECF No. 7-5 at 149], which Kennedy Lewis Investment Management, LLC ("Kennedy") later joined (collectively the "Sanctions Motions"). *Id.* at 160. Trustee and Kennedy (together "Appellees") sought sanctions against Appellant for unnecessary expenses incurred due to Appellant's numerous frivolous filings in the case. Appellant, appearing pro se, filed a response to the Sanctions Motion. *Id.* at 167.

On August 11, 2021, the Bankruptcy Court held a hearing on the Sanctions Motions during which it ordered Appellant to file a "written response that makes sense—because the response [Appellant] filed makes no sense whatsoever" and noted that Appellant had filed "pleadings that

were not supported by the law and the facts." [ECF No. 7-6 at 430-42]. In addition, the Bankruptcy Court ordered Appellees to file an itemization of their costs and continued the Sanctions Motions to allow Appellant time to obtain counsel. *Id.* The Bankruptcy Court also stated that it would determine whether to enter an order without further hearing following receipt of Appellant's response. *Id.*[1]

On November 5, 2021, the Bankruptcy Court issued its Order Granting Motion to Sanction Laura Perryman (the "Sanctions Order"). [ECF No. 7-5 at 212]. The Bankruptcy Court set forth, in detail, thirteen examples of Appellant's "filings that were frivolous, untimely, asserted facts not before the Court, attempted to relitigate issues already decided, and/or improperly sought relief on behalf of third parties[.]" *Id.* at 213-14. Based on these findings and pursuant to 28 U.S.C. § 1927[2], the Bankruptcy Court sanctioned Appellant in the amount of $5,165 payable to Kennedy and $3,990 payable to the estate for the additional fees incurred by Trustee's counsel.[3] In addition to monetary sanctions, the Bankruptcy Court imposed non-monetary sanctions requiring Appellant to either retain an attorney to make future filings on her behalf or obtain leave from the Bankruptcy Court prior to making any filings in the Debtor's bankruptcy proceeding. *Id.* at 223. This appeal followed.[4]

---

[1] The Bankruptcy Court memorialized these rulings in a written order. *See* [ECF Nos. 60-2 at 1-3, 7-5 at 214 n.3].

[2] As set forth the Sanctions Order, Appellees sought sanctions against Appellant "pursuant to the Court's inherent authority, 11 U.S.C. § 105(a), 28 U.S.C. § 1927, and Rule 9011 of the Federal Rules of Bankruptcy Procedure." [ECF No. 7-5 at 214].

[3] These amounts were based on Trustee and Kennedy's itemization of their fees and costs directly related to Appellant's conduct. The Bankruptcy Court reduced the amount requested by Kennedy by $3,075. [ECF No. 7-5 at 220].

[4] Appellant was represented by counsel when she filed her notice of appeal. The Court, however, granted Appellant's counsel's motion to withdraw on January 27, 2022. [ECF No. 32]. Appellant filed her initial and reply briefs without the assistance of counsel.

**LEGAL STANDARD**

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *See Torrens v. Hood* (*In re Hood*), 727 F.3d 1360, 1363 (11th Cir. 2013); *Englander v. Mills* (*In re Englander*), 95 F.3d 1028, 1030 (11th Cir. 1996). "When district courts review the factual findings of a bankruptcy court, the burden is on the appellant to show that the bankruptcy court's findings are clearly erroneous." *Jet Networks FC Holding Corp. v. Goldberg*, No. 2009 WL 10668551, at *3 (S.D. Fla. Sep. 2009). "A finding of fact is not clearly erroneous unless 'this court, after reviewing all the evidence, is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *IBT Int'l, Inc. v. N.* (*In re Int'l Admin. Serv., Inc.*), 408 F.3d 689, 698 (11th Cir. 2005)).

The Court reviews the bankruptcy court's imposition of sanctions for abuse of discretion. *See In re Cooper*, No. 2018 WL 5112996, at * 2 (S.D. Fla. Oct. 2018) (citing *Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1319 (11th Cir. 2002). "An abuse of discretion occurs where a bankruptcy court applies the wrong principle of law or makes clearly erroneous findings of fact." *In re Zadeh*, 772 F. App'x 837, 838 (11th Cir. 2019).

**DISCUSSION**

Appellant argues that the Bankruptcy Court erred when it granted the Sanctions Motions. In particular, Appellant claims that the Bankruptcy Court erred in (1) finding her motion practice

constituted bad faith; (2) awarding sanctions against a pro se litigant; and (3) imposing pre-filing screening requirements. The Court disagrees.

## I. The Bankruptcy Court Did Not Err in Imposing Monetary Sanctions

The Bankruptcy Court imposed monetary sanctions against Appellant pursuant to 28 U.S.C. § 1927 which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

On appeal, Appellant argues that § 1927 does not apply to pro se litigants and that her conduct was not unreasonable or vexatious.[5]

### A. Applicability of § 1927 to Pro Se Litigants

The Eleventh Circuit has not directly addressed whether § 1927 applies to pro se litigants. Other circuits addressing the issue are split. *Compare Sassower v. Field,* 973 F.2d 75, 80 (2d Cir. 1992) (finding § 1927 is not applicable to pro se litigants) *with Wages v. Internal Revenue Serv.,* 915 F.2d 1230, 1235–36 (9th Cir.1990) (finding § 1927 applies to pro se litigants); *see also Alexander v. United States,* 121 F.3d 312, 316 (7th Cir.1997) (declining to take sides on conflict); *Inst. for Motivational Living, Inc. v. Doulos Inst. for Strategic Consulting, Inc.*, 110 F. App'x. 283, 286–87 (3d Cir. 2004) (declining to address). In *Institute for Motivational Living*, the Third Circuit, noting the split among the circuits, held that "[e]ven if § 1927 does not apply to pro se litigants, other sanction provisions do . . . [and] the District Court had inherent authority to impose [] identical sanction[s]." *Id. See also Alexander,* 121 F.3d at 316 ("[W]e look elsewhere for authority

---

[5] Appellant did not raise, so the Court does not address, whether the Bankruptcy Court has the authority to impose sanctions under § 1927. *See In re Wizenberg*, 838 F. App'x 406, 412 n.1 (11th Cir. 2020) ("[B]ankruptcy courts within the Eleventh Circuit, as well as the other Circuits, have split on the question whether bankruptcy courts may impose sanctions under 28 U.S.C. § 1927. But we do not address this issue because [appellant] has not raised it on appeal.").

rather than choose sides unnecessarily. Authority is not hard to find. Courts have inherent powers to protect themselves from vexatious litigation.").

The Court finds that the Bankruptcy Court did not err in imposing sanctions against Appellant pursuant to § 1927. *See In re Ocean 4660 LLC*, 569 B.R. 850, 874 (Bankr. S.D. Fla. 2017) (applying § 1927 to a pro se litigant). *See also In re Wizenberg*, 838 F. App'x 406, 413 (11th Cir. 2020) (holding that district court did not abuse its discretion in sanctioning attorney appearing pro se pursuant to § 1927). And, even if § 1927 does not apply to pro se litigants, the Bankruptcy Court had the inherent authority to sanction Appellant. "A court may impose sanctions for litigation misconduct under its inherent power." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1306 (11th Cir. 2009). *See also In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients."); *In re United States Corporation Company*, No. 20-40375, 2021 WL 1100078, at *3 (N.D. Fla. 2021) ("A bankruptcy court may use its inherent authority to sanction parties for conduct that abuses the judicial process."). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Evergreen*, 570 F.3d at 1263. "Federal statute 11 U.S.C. § 105(a) also gives the court the authority to '*sua sponte*, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.'" *Id.* (quoting 11 U.S.C. § 105(a)).

When a federal court imposes sanctions under its inherent power, it must "comply with the mandates of due process[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991). "Due process requires that the attorney (or party) be given fair notice that his conduct may warrant sanctions and the reasons why. Notice can come from the party seeking sanctions, from the court, or from

6

both." *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995) (citation omitted). The court must also provide the attorneys (or party) "an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify [their] actions." *Id*. at 1575–76. The Bankruptcy Court complied with the mandates of due process here.

        **B.    The Bankruptcy Court's Findings That Appellant Unreasonably and Vexatiously Multiplied the Proceedings**

"The key to unlocking a court's inherent power is a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). Here, the Court finds no clear error with the Bankruptcy Court's detailed findings as to Appellant's unreasonable and vexatious behavior since the inception of the Bankruptcy proceedings. Indeed, the Bankruptcy Court found that Appellant filed baseless pleadings, asserted rights of third parties when told repeatedly not to do so, and that "the filing of the Perryman Adversary Proceeding was objectively done in bad faith." [ECF No. 7-5 at 219]. Moreover, Appellant was provided notice of the Sanctions Motions and given ample time to respond in writing. While Appellant may dispute the Bankruptcy Court's findings, given the record, the Court cannot conclude that the Bankruptcy Court's sanctions were an abuse of discretion that warrants reversal.

**II.    Non-Monetary Sanctions Were Appropriate**

In addition, the Court finds that the Bankruptcy Court's issuance of non-monetary sanctions was not an abuse of discretion. Courts have the discretion to institute "pre-filing screening restrictions on litigious plaintiffs." *Martin-Trigona v. Shaw,* 986 F.2d 1384, 1387 (11th Cir. 1993). Indeed, "the only restriction [the Eleventh Circuit] has placed upon injunctions designed to protect against abusive and vexatious litigation is that a litigant cannot be completely foreclosed from *any* access to the court." *Id.* (internal quotation omitted) (emphasis in original).

Here, the Bankruptcy Court found that Appellant repeatedly demonstrated bad faith by delaying the litigation, despite warnings of sanctions. As a result, the Bankruptcy Court was entirely within its discretion to impose limitations on Appellant's filings.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Order of the United States Bankruptcy Court for the Southern District of Florida Granting Motion to sanction Laura Perryman is **AFFIRMED**. This action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of March, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE